

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 7 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SCOTT AVERY WILSON, Individually and on Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                            4:18-cv-491-SWW

**FILTREX SERVICE GROUP, INC., and CHRISTOPHER BLOUNT**                                             **DEFENDANTS**

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Scott Avery Wilson, individually and on behalf of others similarly situated, by and through his attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint–Collective Action ("Complaint") against Defendant Filtrex Service Group, Inc., and Christopher Blount (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

#### I.   PRELIMINARY STATEMENTS

1.   Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime wages as required by the FLSA and the AMWA.

2. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

5. Plaintiff's claim under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Avery Wilson is an individual and resident and domiciliary of Lonoke County.

10. Plaintiff was employed by Defendants as a technician from March of 2018 until July of 2018.

11. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

12. Separate Defendant Filtrex Service Group, Inc., is an Oklahoma for-profit, foreign corporation that does business in the State of Arkansas.

13. Separate Defendant Filtrex Service Group, Inc.'s primary business purpose is to provide the commercial, retail and restaurant industries HVAC/R asset tracking, coil cleaning and maintenance, energy management and equipment evaluations.

14. Separate Defendant Filtrex Service Group, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, Separate Defendant Filtrex Service Group, Inc., has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

16. Separate Defendant Filtrex Service Group, Inc. was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17.     Separate Defendant Filtrex Service Group, Inc., has designated Larry Houston Cardwell, Jr., at 1623 East Apache Street, Tulsa, Oklahoma, 74106, to accept service on its behalf as its registered agent.

18.     Separate Defendant Christopher Blount is a citizen and resident of the state of Arkansas.

19.     Separate Defendant Christopher Blount's principal address is 920 E. 36th Pl. Tulsa, Oklahoma 74105.

20.     Separate Defendant Christopher Blount's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21.     During each of the three years preceding the filing, Separate Defendant Christopher Blount has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

22.     Separate Defendant Christopher Blount was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

23.     Separate Defendant Christopher Blount, an individual, has operational control and management over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

24. Specifically, Separate Defendant Christopher Blount established and communicated the pay policy applicable to Plaintiff and all others similarly situated in this lawsuit.

25. Upon information and believe, revenue from HVAC service operations was merged and managed in a unified manner.

26. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

27. Separate Defendants Filtrex Service Group, Inc., and Christopher Blount acted jointly as the employer of Plaintiff and the proposed collective members.

## IV.  FACTUAL ALLEGATIONS

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29. Defendants' primary business purpose is to provide HVAC/R maintenance and energy management, and Defendants employ technicians to accomplish this purpose.

30. Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to perform HVAC/R service duties at Defendants' customer locations across the country.

31. Defendants hired Plaintiff and set his work schedule, including the hours to be worked.

32. Defendants exercised comprehensive control over the employment of its technicians, including Plaintiff's employment.

33.     Defendants required technicians to follow a fixed schedule in performing their duties.

34.     Specifically, Defendants required technicians to work approximately sixty (60) hours a week, with some employees required to work more.

35.     Technicians could not refuse to travel to and work on certain assigned projects.

36.     Defendants set the pay rate for technicians. During the statutory period, Defendants compensated HVAC service technicians, including Plaintiff, by paying them a day rate for all hours worked, which Defendants would sometimes lower based on how many jobs technicians completed in a day.

37.     Plaintiff and other technicians regularly worked over forty (40) hours per week.

38.     Plaintiff and other technicians received the same day rate regardless of the number of hours they worked in a day or work week.

39.     Defendants did not pay Plaintiff or other technicians an overtime premium for hours that they worked over forty (40) hours per week.

40.     In other words, if any technician worked more than forty (40) hours per week, Defendants' practice was not to pay that employee an overtime premium of one and one half (1.5) times the technicians' regular rate for the hours over forty (40).

41.     Defendants knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty (40) per week, yet Defendants failed and refused to compensate Plaintiff for his work as required by the FLSA and the AMWA.

42. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### FLSA 216(b) Collective Action

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Payment for all hours worked and overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

   B. Liquidated damages and attorneys' fees and costs.

45. Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that the group exceeds thirty (30) persons. Defendants can readily identify the members of the FLSA collective, who are a certain portion of the current and former employees of Defendants'.

46. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

47.     The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

48.     The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

49.     The proposed collective of opt-in Plaintiff in this case is preliminarily defined as follows:

> **Each technician employed by Defendants any time during the three years preceding the filing of the Complaint.**

50.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They were misclassified by Defendants as exempt from the overtime requirements of the FLSA;

B.     They were paid a day rate;

C.     They performed the same or similar job duties;

D.     They were subject to Defendants' common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per week.

E.     They were subject to numerous other common policies and practices as described *supra*.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for FLSA Overtime Violations)

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

53. During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a proper overtime premium for hours over forty (40) per week.

54. Defendants' conduct and practice, as described above, has been and is willful, intentional unreasonable arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

56. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. During the relevant time period, Defendants unlawfully refrained from paying technicians a proper minimum wage and overtime premium for hours over forty (40) per week.

60. Defendants failed to pay an overtime premium for some hours worked over forty (40) and failed to pay Plaintiff and other technicians their regular rate of or an overtime premium for additional hours worked over 40 (forty).

61. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each technician employed by Defendants any time during the three years preceding the filing of the Complaint.**

62. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

64. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

65.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

66.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

67.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

68.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

69.   Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

70.   Despite the entitlement of Plaintiff to payment of a lawful minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime premium.

71.   Defendants' conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

72.   By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least

three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Scott Avery Wilson, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendants be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective action members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA and attendant regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action;

F. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;* and the AMWA.

G. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.,* in an amount equal to all unpaid overtime

compensation owed to Plaintiff and putative collective action members during the applicable statutory period;

  H. An order directing Defendants to pay Plaintiff and members of the collective action prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

  I. Such other and further relief as this Court may deem necessary, just and proper.

            Respectfully submitted,

            **SCOTT AVERY WILSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

            SANFORD LAW FIRM, PLLC
            One Financial Center
            650 South Shackleford, Suite 411
            Little Rock, Arkansas 72211
            Telephone: (501) 221-0088
            Facsimile: (888) 787-2040

            /s/ Daniel Ford
            Daniel Ford
            Ark. Bar No. 2014162
            daniel@sanfordlawfirm.com

            Chris Burks
            Ark. Bar No. 2010207
            chris@sanfordlawfirm.com

            Josh Sanford
            Ark. Bar No. 2001037
            josh@sanfordlawfirm.com