## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT AVERY WILSON, Individually and on Behalf of All Others Similarly Situated, et al., <br><br>      Plaintiffs, <br><br>v. <br><br>FILTREX SERVICE GROUP, INC. and CHRISTOPHER BLOUNT, <br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 18-CV-499-JED-FHM |

### ORDER CONDITIONALLY CERTIFYING COLLECTIVE ACTION

Before the Court is the Motion of Plaintiff Scott Avery Wilson "for Conditional Certification, for Disclosure of Contact Information, and to Send Notices" (Doc. 32). Plaintiff brings suit under the Fair Labor Standards Act (FLSA) and seeks collective action certification under 29 U.S.C. § 216. Plaintiff requests that the Court conditionally certify a proposed class of "All Technicians employed at any time since July 27, 2015." (*Id.*).

According to the Plaintiff's allegations, the Defendants set the work schedules for technicians, including the Plaintiff, which required them to work approximately 60 hours per week or more, but Defendants paid the technicians "a day rate for all hours worked, which Defendants would sometimes lower based on how many jobs technicians completed in a day." (Doc. 1 at 6). The technicians, including Plaintiff, were paid a day rate regardless of the number of hours they worked in a day or work week, and the Defendants thus did not pay overtime for hours worked over 40 hours per week. (*Id.*). Based upon Plaintiff's allegations and evidentiary submission (*see* Doc. 32-7, 32-8, 32-9), it appears at least initially that there are similarly situated employees who may be properly included in a collective action under the FLSA.

Under the FLSA, a plaintiff may bring an action on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) does not define the term "similarly situated," and district courts have adopted different approaches for determining whether plaintiffs are "similarly situated." The Tenth Circuit has endorsed the so-called "ad hoc" approach. Under this approach,

> a court determines, on an *ad hoc* case-by-case basis, whether plaintiffs are similarly situated. In utilizing this approach, a court typically makes an initial notice stage determination of whether plaintiffs are similarly situated. In doing so, a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of similarly situated. During this second stage analysis, a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the ADEA before instituting suit.

*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03 (10th Cir. 2001) (internal quotation marks, citations, and alterations omitted). Courts in this Circuit have cited *Thiessen* to support conditional certification in the FLSA context. *See, e.g., Goode v. Nuance Comms., Inc.*, No. 17-CV-472-GKF, 2018 WL 3539443 (N.D. Okla. Jul. 23, 2018) (unpublished); *Judd v. Keypoint Gov. Solutions, Inc.*, 18-CV-327-RM, 2018 WL 7142193 (D.Co. Dec. 4, 2018) (unpublished).

Defendants object to several aspects of the Plaintiff's Motion. (*See* Doc. 34). Upon consideration of the Motion (Doc. 32) and supporting Brief (Doc. 33), the Defendant's Response (Doc. 34), Plaintiff's Reply (Doc. 35), and all exhibits submitted with those filings, the Court orders as follows:

1. Plaintiff's Motion (Doc. 32) is **granted in part** and **denied in part**.

2. A collective action class is hereby conditionally certified. The class consists of "All Technicians employed by Filtrex Service Group, Inc., at any time within the three years preceding the date that each individual files a consent to become a party plaintiff in this matter."

This class definition is intended to incorporate the FLSA limitations provisions set forth in 29 U.S.C. §§ 255 and 256, as applied to collective actions.

3. For purposes of clarity of the Notice to putative opt-in plaintiffs, the "TO:" line of the Notice of Right to Join Lawsuit (*see* Doc. 32-1) should be directed to "All Technicians for Filtrex Service Group, Inc. at any time on or after December 19, 2016." That date will provide notice to any putative opt-in plaintiffs who have not already joined this action prior to the entry of this Order.

4. The Court approves Plaintiff's proposed Notice (Doc. 32-1), subject to: the change described in paragraph 3; the collective action class definition; and the opt-in period directed by this Order. Plaintiff's counsel shall be responsible for ensuring that all dates set forth in the proposed Notice are corrected (i.e. July 27, 2015 shall be changed to December 19, 2016) and completed in accord with all aspects of this Order. The Notice shall be provided by mail and/or email. Plaintiff's request to provide notice by text message is denied.

5. The Plaintiff's request to provide the Complaint and Defendants' Answer with the mailed Notice is hereby granted.

6. The Defendants shall cause the Notice to be posted in the location(s) in which Filtrex Service Group, Inc. posts government-required notices.

7. By **January 10, 2020**, Defendants shall produce to the Plaintiff's counsel the names, dates of employment, last known mailing addresses, and last known email addresses of all persons employed by the Defendants as technicians at any time from December 19, 2016 to the date on which the information is provided by the Defendants.

8. The opt-in period during which putative class members may submit a Consent to Join Collective Action as an opt-in plaintiff shall be 60 days, rather than the 90 days requested by

the Plaintiff. The opt-in period shall begin to run seven (7) days after the Defendants produce the information described in paragraph 7 above.

9. The format of the proposed Consent to Join Collective Action (Doc. 32-4) is hereby approved, subject to the following changes: (a) the date "July 27, 2015" shall be changed to "December 19, 2016," and (b) Plaintiff's counsel shall complete the date at the bottom of the Consent to be consistent with the opt-in deadline established by this Order.

10. Plaintiff's request for approval to send a reminder postcard is denied.

SO ORDERED this 19th day of December, 2019.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT